## THOMAS KIRBY v. THEODORE C. HENRY.

REVIEW—*Finding of Fact, not Disturbed.* A finding of fact by a trial court that is sustained by some positive testimony, there being a direct conflict in the evidence at the trial, will not be disturbed in this court.

### *Error from Dickinson District Court.*

THE opinion states the case.

*Jno. H. Mahan,* for plaintiff in error:

On the question of sufficiency of proof and *laches,* and ratification, we cite: *Reynolds v. Fleming,* 30 Kas. 106; *Ryan v. Doyle,* 31 Iowa, 53.

That the court should not have made the judgment unconditional, we cite Freeman on Judgments, 3d ed., § 516, and cases therein cited.

*Stambaugh, Hurd & Dewey,* for defendant in error.
No brief on file.

Opinion by SIMPSON, C.: This is an action to vacate a judgment, for the reason that the attorneys whom the record shows appeared for the judgment debtor were not authorized by the debtor to make such appearance. The material facts are: Two different suits were commenced in the district court

of Dickinson county to foreclose mortgages. In each one of these actions T. C. Henry was made a party defendant. These actions were consolidated, by the order of the court and consent of the parties. In the journal entry of the order of consolidation, it is recited that T. C. Henry appears by his attorneys, Stambaugh, Hurd & Hewey, and 30 days are granted him to file an answer. It is also recited "that all the parties, plaintiffs and defendants, in the above-entitled cases having appeared, and being before the court," etc.

The first of these actions was commenced on the 17th day of December, 1886, by Kirby; the second, by DeBroux, on the 27th day of January, 1887. They were consolidated on the 17th day of March, 1887. Judgment was rendered in the consolidated case in favor of Kirby, against Henry, on the 17th day of March, 1887. Subsequently, at the March term, 1888, an amendment to the original decree in favor of DeBroux was entered, on account of an error including land that was not subject to his mortgage, and in this proceeding the journal recites the appearance of Henry by the same attorneys as in the original action. This action to vacate the judgment was commenced on the 25th day of March, 1889, or more than two years after the entry of the original judgment. The case was tried by the court. The evidence of the plaintiff consisted of the production of the file papers and journal entries, the deposition of T. C. Henry, in which he expressly denies the authority of Stambaugh, Hurd & Dewey to appear for him in any of these actions and proceedings, and states positively that he had no knowledge of them. He is supported to a certain degree by the testimony of Stambaugh and Hurd. Adverse to this are the statements of Mr. Mahan, who testified that he saw Henry in Abilene, spoke to him about the commencement of the Kirby action, and asked if he should have him served with a summons, or if he would appear. Henry said he would go and see Stambaugh and authorize him to appear for him; that subsequently he told the witness that he had seen Stambaugh, and that Stambaugh would attend to the matter for him (Henry).

Witness afterward saw Stambaugh, and they consulted about the matter. The trial court entered judgment vacating the judgment.

We are asked to review this case, and it is urged that the evidence is not of that character that entitles the defendant in error to have the judgment vacated. We could not reverse the action of the trial court in vacating this judgment without ourselves violating a well-established rule. There is a direct conflict in the evidence offered by the parties at the trial. There is evidence to sustain the judgment of the trial court, and it is of a direct and positive character, and we know of no way of disturbing it except by the arbitrary exercise of power. Adhering to our repeated declarations on such questions, we can do nothing but recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.